## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

John Edward Barnes, Jr.,

                    Petitioner,      Case No. 16-cv-12240

v.                                Judith E. Levy
                                United States District Judge

Brian Forman,

                              Mag. Judge Anthony P. Patti

                    Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE U.S. COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION [1]

Petitioner John Edward Barnes, Jr., a state prisoner at the Thumb Correctional Facility in Lapeer, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He argues that his Sixth Amendment right to effective assistance of counsel was violated because he was not properly informed by trial counsel of the consequences of pleading guilty.  (Dkt. 1.)  For the reasons set forth below, the Court transfers this petition to the U.S. Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A).

## I.     Background

In 1979, Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct ("CSC") and one count of breaking and entering. The trial court sentenced Petitioner to life imprisonment for the CSC convictions under Michigan's parolable life laws, which have since been repealed,[1] and ten to fifteen years in prison for the breaking-and-entering conviction. The facts relating to Petitioner's convictions are set forth in detail in the order and the adopted report and recommendation on his prior habeas petition, and will not be recounted here. *See Barnes v. Toombs*, Case No. 1:95-cv-00088 (W.D. Mich. May 12, 1999).

Petitioner appealed in the state courts, arguing he had not been properly informed of the charges against him. On March 28, 1980, the Michigan Court of Appeals affirmed his convictions, and on November 3, 1980, the Michigan Supreme Court denied leave to appeal.

On January 20, 1983, Petitioner filed a motion with the state trial court to withdraw his guilty plea, asserting (1) the court failed to advise him of the mandatory minimum prison sentence; (2) trial counsel failed

---

[1] Under the state parolable life sentence laws, a felon convicted of certain crimes and sentenced to life in prison would be eligible to be considered for parole after serving a certain number of years in prison. *See People v. Caron*, 220 Mich. App. 662 (1996) (discussing history of "lifer laws").

to advise him on the consequences of pleading guilty; and (3) the plea bargain was "illusory because of the consecutive nature of an unrelated probation sentence." (Dkt. 1 at 2.) The trial court initially granted relief, but later reinstated the convictions, and the state court of appeal denied leave to appeal. On March 28, 1985, the Michigan Supreme Court also denied leave to appeal.

On July 8, 1986, Petitioner again filed a motion to withdraw his guilty plea. He argued that his plea was involuntary because (1) the trial court did not inform him of the parolable life sentence laws; (2) the trial court did not inform him a successor judge could reject parole of a life sentence; (3) the trial court did not permit Petitioner to review the presentence report; and (4) appellate counsel failed to raise certain claims on appeal. On July 22, 1988, the trial court denied the motion, and Petitioner did not appeal.

In 1990, Petitioner filed motions for post-conviction relief and for an evidentiary hearing. Petitioner claimed trial counsel was ineffective because, among other things, he failed to advise Petitioner of the court's intent to impose a life sentence and of the effects of the state's parolable life sentence laws. Petitioner also claimed appellate counsel was

3

ineffective for failing to raise other claims on appeal. The trial court denied the motions on August 29, 1990, and the state appellate courts denied leave to appeal. *See People v. Barnes*, 495 N.W.2d 384 (Mich. 1992) (table).

On February 13, 1995, Petitioner filed a petition for a writ of habeas corpus with the U.S. District Court for the Western District of Michigan. Petitioner first argued that he received ineffective assistance of counsel because trial counsel (1) urged him to accept a plea bargain to avoid a consecutive sentence even though consecutive sentencing was not an option; (2) did not inform Petitioner of the sentencing alternatives at the time of sentencing; and (3) gave bad advice, which rendered Petitioner's guilty plea involuntary. Petitioner also argued that his rights to due process and equal protection were violated when the state courts declined his request for post-appeal review. *See Barnes v. Toombs*, Case No. 1:95-cv-00088 (W.D. Mich. May 12, 1999). The district court denied the petition on the merits, holding Petitioner received "professionally competent assistance on those issues" and "received the benefits of a bargained-for plea agreement." *Id.* at 2. As is reflected in the transcript of the plea hearing, Petitioner answered in the affirmative after being

4

asked if he understood he could face life in prison for two of the counts, and the court explained to Petitioner what parolable life meant. *See id.* at 9–11 (Report & Recommendation Oct. 5, 1998, *adopted* May 12, 1999). Petitioner appealed, and the Sixth Circuit denied a certificate of appealability. *Barnes v. Toombs*, Case No. 99-1694 (6th Cir. Jan. 13, 2000).

In 2013, Petitioner filed another motion for relief from judgment, claiming that his trial attorney failed to advise him of the full consequences of his maximum sentence. The trial court rejected Petitioner's arguments and denied his motion. On January 9, 2015, the Michigan Court of Appeals denied leave to appeal under Michigan Court Rule 6.508(D), *see People v. Barnes*, No. 324850 (Mich. Ct. App. Jan. 9, 2015), and on December 22, 2015, the Michigan Supreme Court likewise denied leave to appeal under Rule 6.508(D). *See People v. Barnes*, 498 Mich. 948 (2015). On April 18, 2016, the United States Supreme Court denied Petitioner's application for a writ of certiorari. *See Barnes v. Michigan*, ___U.S.___, 136 S. Ct. 1678 (2016).

On June 16, 2016, Petitioner filed this petition for a writ of habeas corpus. Petitioner alleges that, at the time of his plea, defense counsel

advised him that he could select either an indeterminate sentence of thirty to sixty years in prison or a life sentence with the possibility of parole. (Dkt. 1 at 16.) He contends that he chose the parolable life sentence because his attorney advised him that he would be eligible for parole sooner with a life sentence than with an indeterminate sentence of thirty to sixty years. (*Id.*) Petitioner's sole ground for relief is that his Sixth Amendment rights were violated by trial counsel, who allegedly failed to advise him of the maximum time he could serve under either sentencing option. (*Id.*)

Petitioner calculates that, with mandatory and automatic good-time credits, his maximum sentence under the indeterminate sentence would have reduced his sixty-year sentence by twenty-five years, eleven months, and would have resulted in his discharge on the sixty-year term in January 2014. (Dkt. 1 at 28–29.) Thus, he has served more time on the parolable life sentence than he would have served on the rejected sixty-year term, but no one informed him that he could spend his life in prison by selecting life imprisonment. (*Id.* at 30.) Instead, counsel and the trial court allegedly assured him that he would be eligible for parole after ten years on a sentence of life imprisonment or after thirteen to

6

fourteen years on the thirty-year minimum term of the indeterminate sentence. (*Id.*)

## II.   Legal Standard

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

Petitioner's initial habeas petition, however, was filed in 1995, before AEDPA was enacted. Thus, the Court "must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA 'abuse of the writ' standard as set out in *McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991)." *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Otherwise, Petitioner's claim might be subject to "impermissible retroactive effect." *Henderson v. Collins*, 184 F. App'x 518, 522 (6th Cir. 2006) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994)).

"[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first [petition], regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey*, 499 U.S. at 489. To excuse a petitioner's "failure to raise the claim earlier, the petitioner must show cause for failing to raise it and prejudice therefrom . . . ." *Id.* at 494; *see also Cress*, 484 F.3d at 852 (explaining that the abuse-of-the writ standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom'") (quoting *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997)).

> "[C]ause . . . requires a showing of some external impediment *preventing* counsel from constructing or raising the claim." *Murray v. Carrier*, [477 U.S.478, 492, 106 S. Ct. 2639, 2648 (1986)] (emphasis added). For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim. See id., at 488, 106 S.Ct., at 2645 (cause if "interference by officials ... made compliance  impracticable"); *Amadeo v. Zant*, 486 U.S. 214, 222, 108 S.Ct. 1771, 1776, 100 L.Ed.2d 249 (1988) (cause if unavailable evidence "was the reason" for default). Abuse of the writ doctrine examines *petitioner's* conduct: the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas

8

process, see 28 U.S.C. § 2254 Rule 6 (Discovery); Rule 7
(Expansion of Record); Rule 8 (Evidentiary Hearing).   The
requirement of cause in the abuse-of-the-writ context is based
on the principle that petitioner must conduct a reasonable and
diligent investigation aimed at including all relevant claims
and grounds for relief in the first federal habeas petition.   If
what petitioner knows or could discover upon reasonable
investigation supports a claim for relief in a federal habeas
petition, what he does not know is irrelevant.   Omission of the
claim will not be excused merely because evidence discovered
later might also have supported or strengthened the claim.

*Id*. at 497–98 (emphasis in original).

If petitioner cannot show cause, the failure to raise the claim
in an earlier petition may nonetheless be excused if he or she
can show that a fundamental miscarriage of justice would
result from a failure to entertain the claim.

*Id*. at 494-95.

## III.  Analysis

As set forth above, Petitioner filed a prior habeas petition in 1995,
and he failed to raise his current claim in that petition, although he
raised a similar claim with regard to ineffective assistance of counsel at
the time of sentencing.   Petitioner argues the Court may nonetheless
consider his current, and second, petition because his claim was not ripe
in 1995.  This is because he could not show prejudice from counsel's errors
until January 2014, when he would have served the equivalent of the

9

sixty-year maximum indeterminate sentence that he rejected in favor of a life sentence.

A habeas petitioner can establish "cause" for the failure to raise a claim in a prior petition if the petitioner was prevented from raising the claim because the factual basis for his claim was unavailable. *McCleskey*, 499 U.S. at 497.   In other words, a petition is not "second or successive" if it would have been unripe when presented in an earlier petition. *Storey v. Vasbinder*, 657 F.3d 372, 376–77 (6th Cir. 2011) (internal citations omitted).

Contrary to Petitioner's argument, his current ineffective assistance of counsel claim was ripe at the time of his prior petition.   A claim is ripe after the record has been sufficiently developed to demonstrate "the ineffective counsel's purportedly deficient advice." *United States v. Gray*, 627 F. App'x 465, 468 (6th Cir. 2015).

Here, Petitioner appealed and filed various state motions regarding his sentence and therefore had numerous chances to develop the record regarding the advice or lack thereof from trial counsel regarding the sentencing options available to Petitioner at the time he pleaded guilty. Thus, he could have alleged both prongs of the ineffective assistance of

counsel test – objective unreasonableness and prejudice – in 1995 when he filed his first habeas petition. Any prejudice allegedly suffered by Petitioner is not shown, as Petitioner contends, by the fact that he has now served a longer sentence than he would have if he had chosen the other sentencing option. Prejudice in the context of a guilty plea is satisfied if Petitioner can show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" or selected a different plea offer. *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). That Petitioner's claim is ripe is further supported by the fact that he made nearly identical claims in various motions before the state courts, and only now asserts the claim was unripe. And the record is clear that Petitioner was never told he *would* be released on parole instead of serving a life sentence, only that he *could* be released. Thus, the fact that he has been imprisoned for longer than he anticipated does not support his argument that he was prejudiced by counsel's supposed errors.

Even assuming Petitioner's analysis of ripeness is accurate, by the time Petitioner filed his first habeas petition in 1995, he had served

11

almost sixteen years in prison. This was six more years than what Petitioner says his attorney had predicted he would serve on the parolable life sentence. Thus, the factual predicate for Petitioner's claim was available to him in 1995, and he could have raised his ineffective assistance of counsel claim in his first petition. And, as set forth above, Petitioner has known since he filed his first appeal that he believed he was prejudiced by counsel's failure to advise him, at various stages, of the effects of Michigan's parolable life sentence laws.

That Petitioner's current claim is slightly different than his prior claim cannot be excused merely because the claim may be stronger now, as he has served what he believes to be the equivalent of a sixty-year sentence. Thus, Petitioner has not established "cause" for his failure to raise this claim in his first petition.

Petitioner has also failed to demonstrate that a fundamental miscarriage of justice will occur as a result of the Court's failure to consider Petitioner's claims on the merits. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Carrier*, 477 U.S. at 496). Petitioner stated at his plea hearing that he was guilty,

12

and he provided a factual basis for his plea.  He has not claimed to be innocent or provided any new evidence of actual innocence.  Therefore, a fundamental miscarriage of justice will not occur if the Court does not consider the substantive merits of his ineffective assistance of counsel claim.

Accordingly, Petitioner may not bring this claim without first receiving permission from the Court of Appeals.

## IV.   Conclusion

For the reasons set forth above, Petitioner has not satisfied the *McCleskey* standard to excuse his failure to bring his ineffective assistance of counsel claim in his prior habeas petition.  This Court "does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition." *Ferrazza v. Tessmer*, 36 F. Supp.2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court ORDERS the Clerk of Court to TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *See also In re Sims*, 111 F.3d 45, 47 (6th

Cir. 1997) (requiring transfer to the Sixth Circuit for permission to file a second or successive habeas petition).

IT IS SO ORDERED.

Dated: February 3, 2017                 s/Judith E. Levy
Ann Arbor, Michigan                     JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2017.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
                                        Case Manager